# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### No. 98-30642
### Summary Calendar

_____

OLIN T. C. DAWSON,

Plaintiff-Appellant,

versus

LOUISIANA STATE UNIVERSITY AND AGRICULTURAL
AND MECHANICAL COLLEGE; LOUISIANA STATE
UNIVERSITY AND AGRICULTURAL AND MECHANICAL
COLLEGE, Board of Supervisors,

Defendants-Appellees.

_____

### Appeal from the United States District Court
### for the Middle District of Louisiana
### (95-CV-653)

_____

### December 4, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

In this race discrimination action, Olin T. C. Dawson appeals the summary judgment in favor of the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (LSU). Dawson contends that the district court erred by concluding that there were no genuine issues of material fact regarding whether LSU discriminated against him on the basis of his race when it discharged him, and that the magistrate judge court erred by narrowing the scope of discovery.

---

[*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Having reviewed the summary judgment record and the briefs, we conclude that summary judgment was appropriate, essentially for the reasons stated in the magistrate judge's report and recommendation, which was adopted by the district court.

Assuming, *arguendo*, that Dawson has properly preserved and raised a due process claim, it is without merit, because he has not shown that he had a property interest in his employment with LSU. Moreover, the summary judgment record reflects that Dawson was given notice of the reasons for his discharge and an opportunity to respond.

Finally, Dawson's contention regarding the scope of discovery is not properly before this court, because he did not appeal the magistrate judge's ruling (on remand) to the district court. *See* FED. R. CIV. P. 72(a); ***Singletary v. B.R.X., Inc.***, 828 F.2d 1135, 1137 (5th Cir. 1987).

*AFFIRMED*